UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH THOMPSON, *pro se*,

    Plaintiff,

-vs-                                            Case No. 8:09-cv-585-T-30TBM

SARASOTA COUNTY POLICE
DEPARTMENT,

    Defendant.
_____/

# O R D E R

THIS matter is before the Court for consideration of Plaintiff's Amended Complaint filed pursuant to 42 U.S.C. § 1983 (Dkt. 11). Because Plaintiff filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against

certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

## DISCUSSION

Plaintiff is presently confined at Sarasota County Jail (Dkt. 11 at 1). He names the Sarasota Police Department and Officers M. Skinner and D. Shellhammer with the Sarasota Police Department as defendants in this action (Id. at 1, 6).

**A.     Plaintiff's Allegations**

Plaintiff's Amended Complaint alleges that on February 10, 2009, Officers Skinner and Shellhammer pulled over the vehicle in which Plaintiff was a passenger. Both officers came over to the passenger's side window and began yelling to Plaintiff to "spit it out."[1] Plaintiff responded to the officers by saying "spit what out?" Both officers then "snatched" Plaintiff out of the vehicle. The officers threw Plaintiff on to the ground and pushed his face into the ground. They began punching him in the face and choking him while one of the officers was on top of him with his knee in Plaintiff's back. Plaintiff was handcuffed, then

---

[1]Attached to the Amended Complaint is the officers' Probable Cause Affidavit which indicates, *inter alia*, that Officer Skinner observed Plaintiff take what appeared to be rock cocaine out of his pants pocket and put it in his mouth (Id. at 19).

placed into the back of the officers' vehicle.

Subsequently, the officers prepared a false report charging Plaintiff with tampering with evidence and resisting arrest with violence. The charge for resisting arrest with violence subsequently was reduced to resisting arrest.

For relief, Plaintiff seeks: 1) criminal charges against the officers; 2) dismissal of the charges against him that arose from this incident; and 3) "relief for any compensation, and any claims that I Joseph Thompson may be entitled to."

**B.     Analysis of Claims**

   **1.     Dismissal of Criminal Charges and Pressing Charges Against Officers**

As a result of the incident on February 10, 2009, it is apparent that Plaintiff was charged with resisting arrest with violence, and tampering with evidence. By stating that he wants his "charges dismissed," Plaintiff is effectively asking this Court to interfere in his ongoing state criminal proceedings. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
> . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers;

3

> primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
>
> . . .
>
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 45-46 (citations and quotations omitted). Plaintiff has not demonstrated that he is without adequate protection in state court. "[E]xcept in extraordinary circumstances a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing *Younger v. Harris*, 401 U.S. 37). Accordingly, this Court must refrain from interfering in Plaintiff's pending state criminal case, and his request for dismissal of his state criminal charges will be dismissed without prejudice. *See Smith v. Mercer*, 266 Fed. App'x. 906, *1 (11th Cir. 2008) (dismissal under *Younger* is without prejudice) (unpublished opinion).

To the extent Plaintiff seeks criminal charges against defendants, "[i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." *Ellen v. Stamm*, 1991 U.S. App. LEXIS 30558, *1-2 (9th Cir. Dec. 19, 1991), *cert.*

4

*denied*, *Montalvo v. Stamm*, 506 U.S. 1047 (1993)(citing *Maine v. Taylor*, 477 U.S. 131, 137 (1986); *Heckler v. Chaney*, 470 U.S. 821, 832 (1985); *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1366 (9th Cir. 1987)). Accordingly, Plaintiff's request that this Court initiate criminal charges against defendants will be dismissed with prejudice.

        2.        **Claims against Sarasota Police Department**

Plaintiff fails to state a claim upon which relief may be granted against the Sarasota Police Department. Initially, the Sarasota Police Department is not a proper party to this suit. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In Florida, in these circumstances, the city or municipal corporation is the proper party. *See Mann v. Hillsborough County Sheriffs Office*, 946 F.Supp. 962, 970-71 (M.D. Fla. 1996); *Florida City Police Dep't v. Corcoran*, 661 So.2d 409 (Fla. Dist. Court. App. 1995). The city police department is not a legal entity and has no legal existence separate and apart from the city. *Corcoran*, 661 So.2d at 410 (finding that the "Police Department . . . does not have the capacity to sue and be sued"); *Eddy v. City of Miami*, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989) ("[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit" absent some allegation of conduct attributable to the department itself). Plaintiff's complaint contains no allegations of conduct attributable to the Sarasota Police Department.

Accordingly, the Sarasota Police Department is not a proper party in this litigation and must be dismissed.

Moreover, "[a] governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom). To attribute liability to the Sarasota Police Department or the City of Sarasota, Plaintiff must demonstrate that it had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir. 1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, Plaintiff fails to identify with specificity any policies, customs, or procedures instituted either by the Sarasota Police Department or City of Sarasota that led to his injuries. Accordingly, the allegations in the complaint are insufficient to support a § 1983 claim against those entities.

### 3. Excessive Force Claim

Plaintiff alleges that Defendants Skinner and Shellhammer used excessive force against him during the arrest. The use of excessive force in carrying out an arrest constitutes

a violation of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Nonetheless, "the typical arrest involves some force and injury." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002). "[T]he application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000).

When a plaintiff alleges excessive force by an officer in the course of executing an arrest, he must show that the officer's conduct was objectively "unreasonable." *Graham*, 490 U.S. at 395-97. Such a test looks not to the motivation of the particular officer, but instead examines whether a reasonable officer would have taken the same action given the facts and circumstances confronting him. *Id.* at 397; *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002) ("The question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer."). The Supreme Court has recognized that the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. Consequently, in determining whether an officer's use of force was objectively reasonable, thereby entitling the officer to qualified immunity, the court must consider several factors including: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." *Slicker v. Jackson*, 215 F.3d 1225, 1232-33 (11th Cir. 2000) (quoting *Moore v. Gwinnett County*, 967 F.2d 1495, 1498 (11th Cir. 1992)

(quoting *Leslie v. Ingram*, 786 F.2d 1533, 1536 (11th Cir. 1986))). A court should also consider "(1) the underlying crime's severity; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists arrest or attempts to flee." *Lafavors v. Jenne*, 2006 U.S. App. LEXIS 2633, 2006 WL 249544, at *1 (11th Cir. Feb. 2, 2006) (citing *Graham*, 490 U.S. at 396). Moreover, "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. In short, the Fourth Amendment prohibits force that is objectively unreasonable, both in the decision to implement the force and in the degree of force. *Graham*, 490 U.S. at 394; *Cottrell v. Caldwell*, 85 F.3d 1480, 1492 (11th Cir. 1996); *see also Crosby v. Monroe County*, 394 F.3d 1328, 1333 (11th Cir. 2004) (noting that courts must not "view the matter as judges from the comfort and safety of our chambers . . . [but rather] must see the situation through the eyes of the officer on the scene who is hampered by incomplete information and forced to make a split-second decision between action and inaction . . ."). In light of all of these considerations, the assessment of a police officer's use of force is a highly factual inquiry.

Upon a review of the Amended Complaint, the Court finds that Plaintiff has stated a claim for excessive force in violation of the Fourth Amendment against Defendants Skinner and Shellhammer in their individual capacities. *See, e.g., State v. Desmond*, 593 So. 2d 965, 969 (La. App. 4th Cir. 1992) ("Law enforcement officials may adopt reasonable measures to

retrieve contraband and prevent its destruction. Although policemen can use reasonable force to prevent the swallowing of evidence, officers may not constitutionally beat and choke suspects in order to gain that evidence."). Consequently, the Court declines to dismiss that claim at this stage of the case.

C. Rule 10(a)

Rule 10(a), Federal Rules of Civil Procedure states in pertinent part that "[t]he title of the complaint must name all the parties." "[A] party that is not named in the caption of an amended complaint is not a party to the action." *Jones v. Parmley*, 2005 U.S. Dist. LEXIS 43921, 2005 WL 928666, *1 (N.D.N.Y. Apr. 20, 2005). The title of Plaintiff's amended complaint names only the Sarasota Police Department (Dkt. 11 at 1).[2] This violates the requirement of Rule 10(a) that all parties shall be listed in the title of the complaint.

**ACCORDINGLY**, the Court **ORDERS** that:

1. Defendant Sarasota Police Department is dismissed from this action.

2. Plaintiff's claims for dismissal of his criminal charges, and for criminal charges to be initiated against Defendants are dismissed.

3. This action shall proceed on Plaintiff's Fourth Amendment excessive force claim against Defendants Skinner and Shellhammer in their individual capacities.

4. For the reasons stated above, Plaintiff's Amended Complaint (Dkt. 11) is **DISMISSED** without prejudice. Plaintiff is granted leave to file a second amended

---

[2] It is apparent that Plaintiff asserts a claim against Defendants Shellhammer and Skinner in their individual capacity.

9

complaint that comports with this Order within eleven (11) days from the date of this Order. The second amended complaint should drop the Sarasota Police Department as a party to this action, and should drop Plaintiff's claims for dismissal of his criminal charges, and for criminal charges to be brought against defendants. Finally, the title of the second amended complaint must include the names of all the parties to this action.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff